# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COASTAL CARGO COMPANY, INC. | * | CIVIL ACTION |
| | * | |
| versus | * | NO. |
| | * | |
| CHEMLAND INTERNATIONAL, INC. | * | SECTION   " "  ( ) |
| | * | |
| | * | Judge |
| | * | |
| | * | Magistrate |
| | * | |
| * * * * * * * * * * * * * * * * * | * | In Admiralty |

## COMPLAINT

COASTAL CARGO COMPANY, INC.  ("Coastal"), a corporation organized and existing under the laws of the State of Louisiana with its principal office in this District, appearing through counsel, respectfully represents:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure and the court has jurisdiction over the subject matter of this dispute pursuant to 33 USC 1333.

2.

Made defendant is CHEMLAND INTERNATIONAL, INC. ("Chemland"), a Texas corporation on whom process may be served through its registered agent Lin Sheng Huang, Suite 188, 7000 Regency Square, Houston, Texas 77036.

3.

Chemland is liable to Coastal for the following:

4.

Coastal is a New Orleans-based stevedore and marine terminal operator conducting business at the Louisiana Avenue wharf complex (Louisiana Avenue, Harmony Street and Seventh Street wharves) under lease with the Board of Commissioners of the Port of New Orleans.  Coastal's primary activity is loading and unloading commercial vessels calling in the Port of New Orleans.

5.

As operator of the Louisiana Avenue wharf complex, Coastal maintains a tariff adopted and periodically amended with approval of the Federal Maritime Commission and the Board of Commissioners of the Port of New Orleans  (FMC Terminal Tariff No. 2 for New Orleans, Louisiana ["The Tariff"]).  This continuously current tariff is published at http://www.jkgroup.com/t001.htm.

6.

Section IV of The Tariff entitled Vessel Charges/Cargo Charges, prescribes in sub-rule 406 ("Wharfage Charges"):

> Wharfage charges ... shall be assessed on all cargo or freight whether of foreign or domestic origin ...:
>
> A.  which is place[d] onto, transferred over or under wharves for handling to or from vessels; or

> B. which is delivered to or received from vessels by other water craft ... when said vessels are occupying berths or moored outside other vessel(s) occupying a berth.
>
> Wharfage is solely the charge <u>assessed against</u> the <u>cargo</u> for <u>use</u> of the <u>wharf</u> [and] does not include charges for any other service.

Emphasis added.

7.

Sub-rule 450 of The Tariff ("Maritime Security") states the Port of New Orleans has imposed the "Cargo Security Fee" listed in sub-rule 452 as a means of partially defraying expenses associated with implementing security initiatives required by the Maritime Transportation Security Act 2002. The third paragraph of the sub-rule reads:

> A Cargo Security Fee shall be assessed on all cargo or freight handled by [Coastal] as provided and described in Item 406 [paragraph 6, *supra*] and Item 408 and shall be the same amount as the Cargo Security Fee detailed in the Board of Commissioners of the Port of New Orleans' Dock Department Tariff, FMC-T-No. 2 Section VII ("Security Charges"), Item 704 ("Cargo Security Fee") as amended.

8.

Pursuant to a request from Chemland, Coastal submitted its quote number 8635 dated 29 July 2009 to discharge Chemland's cargo of 2708 bags of metal in granular form scheduled to arrive by ship in New Orleans in a few weeks. The bags were to be removed from the ocean vessel and loaded in two barges moored along ship's side. Coastal's rate was quoted per metric ton and included some incidental service. Additionally, the quote listed some activity as "excluded" and other activity under the heading of "exception." Charges were specifically listed opposite the activity in the "exception" category including wharfage and the security fee.

9.

Pursuant to Chemland's acceptance of quote 8635, Coastal discharged the said bags of granular metal from M/V RICKMERS DALIAN at Seventh Street wharf over the period 2-4 September 2009.

10.

At the conclusion of the said work Coastal submitted its invoice to Chemland for the said wharfage and security fees totaling $8,293.41; no part of which has been remitted.

11.

Chemland's refusal to pay the full amount of Coastal's invoice is unlawful and a breach of its contractual obligations entitling Coastal to judgment for the unpaid amount plus interest at the maximum legal rate and reasonable attorney fees.

WHEREFORE, Coastal prays for judgment in its favor and against CHEMLAND INTERNATIONAL, INC.:

    a.    In the sum of $8,293.41 plus interest at the maximum legal rate from invoice date until paid;

    b.    Reasonable attorney fees of principal and interest at the rate of 25% or such sums as are reasonable and proper; and

    c.    Such other relief as justice may require.

Respectfully submitted,

*[signature]*

_____
Charles Hooker # 8417
Suite 1600
1555 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 587-1100
Facsimile:   (504) 587-1107

Counsel for Coastal Cargo Company, Inc.

Please serve:

**CHEMLAND INTERNATIONAL, INC.**
Through its registered agent

Lin Sheng Huang
Suite 188
7000 Regency Square
Houston, Texas 77036

pursuant to

Rule 4(e)(1), Federal Rules of Civil Procedure

and

the Louisiana Long-Arm Statute
LSA-R.S. 13:3201 *et seq.*